IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN W. JUSTICE, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-11-4104 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I, LLC, SERIES 2007-AC-2, *et al.*, | § § § § § § | |
| Defendants. | § § | |

**ORDER**

The plaintiff, Brian W. Justice, sued Wells Fargo in state court to enjoin the sale of his home at an upcoming substitute trustee sale. Justice also sought a declaration that he did not default on his mortgage. After removing the case to federal court, Wells Fargo moved to dismiss the state-court petition under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. (Docket Entry No. 4.) Wells Fargo argued that the declaratory judgment claim failed because Justice had alleged in his petition that he had not paid the full amount due under his mortgage and that Justice cannot obtain injunctive relief "absent a cause of action supporting entry of a judgment." (*Id.* at 6.) Justice sought an extension of time to respond to the motion to dismiss, (Docket Entry No. 5), but did not respond to the motion. Instead, he filed a 48-page first amended complaint asserting causes of action for breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, violations of the

Texas Debt Collection Practices Act, and declaratory judgment. The first amended complaint named EMC Mortgage LLC as an additional defendant.

Because Justice filed the amended complaint outside the time limit set by Rule 15(a), the motion for an extension of time is construed as a motion for leave to file an amended pleading. So construed, the motion is granted and the first amended complaint is deemed filed as of January 19, 2012. Because the first amended complaint is now the operative pleading, Wells Fargo's motion to dismiss the state-court petition is denied as moot. This ruling, of course, does not preclude Wells Fargo from moving to dismiss the first amended complaint within the time allotted by the federal rules.

SIGNED on January 19, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge